

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Overruled by _O-6723-A_ and withdrawn

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Sir:

Opinion No. 0-6723
Re: Effect of metallic mineral prospecting permit under Article 5421c, Sec. 12, on right of reinstatement under Article 5326, V. R. C. S.; right of applicant for metallic mineral prospecting permit under Art. 5421c, Sec. 12 as to State owned minerals in lands which have been sold.

We acknowledge receipt of your opinion request relative to the above matter, dated July 18, 1945, and the additional facts relative thereto, contained in your letter of July 26, 1945.

Your letter of July 18, 1945, reads in part:

"On July 3, 1944 Mr. Gerald W. McKenna, P. O. Box 965, Harlingen, Texas, filed in the General Land Office his application to prospect for metallic minerals and precious stones on the north half of Section 2, Block 63½, Public School Land, Hudspeth County, in accordance with the provisions of Chapter 301, Acts of the 48th Legislature, 1943. Pursuant to this application, I issued Prospect Permit M-28867 on July 11, 1944 for a period not to exceed one year beginning on July 3, 1944.

"On March 27, 1945, Mr. Ed L. Love of Sierra Blanca, Texas, filed in the General Land Office his affidavit of ownership and request for reinstatement on Section 2, Block 63½, Public School Land, Hudspeth County. Accompanying the Affidavit of Ownership and Request for Reinstatement was a remittance to cover payment of all

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

principal, interest, and penalties.  Mr. Love
also requested that a patent be issued him on
Section 2.

"The sale of said Section 2 was forfeited
for non-payment of interest on April 25, 1941,
and now stands forfeited on the records of this
office.

"At eight (8:00) o'clock A.M., July 3,
1945, Mr. McKenna filed in the General Land Office
the application of Southwest Minerals, Inc., P.O.
Box 865, Harlingen, Texas, to prospect for metallic
minerals and precious stones on the north half of
said Section 2.  You will note the conflicting rights
of Southwest Minerals, Inc. and Mr. Love."

Your letter of July 26, 1945, reads in part:

". . . For your further information, the
land under consideration in this opinion request
was sold with a reservation of all minerals to the
State."

Your question is:

"I respectfully request that you give me
your opinion as to whether I should issue a Prospect
Permit to Southwest Minerals, Inc., or reinstate the
sale of the land in favor of Mr. Ed L. Love."

We first consider whether you should reinstate the
sale of this land in favor of Mr. Love.

Art. 5326, R. C. S., now reads, in part, as follows:

"If any portion of the interest on any sale
should not be paid when due, the land shall be subject
to forfeiture by the Commissioner entering on the
wrapper containing the papers 'Land Forfeited', or
words of similar import, with the date of such action
and sign it officially, and thereupon the land and
all payments shall be forfeited to the State, and the
lands may be offered for sale on a subsequent sale date.
In any case where lands may hereafter be forfeited to
the State for non-payment of interest, the purchasers,

or their vendees, heirs, or legal representatives, may have their claims reinstated on their written request, by paying into the Treasury the full amount of interest due on such claim up to the date of reinstatement, provided that no rights of third persons may have intervened. The right to reinstate shall be limited to the last purchaser from the State or his vendees or their heirs or legal representatives. Such right must be exercised within five (5) years from the date of the forfeiture, and the right to reinstate any claim heretofore forfeited by the Commissioner must be exercised within five (5) years from the effective date of this Act, but not thereafter. . . ."

Mr. Love has sought to comply with this article by making his request for reinstatement within five years from the date of the forfeiture. Provided Mr. Love is the last purchaser of the land from the State, or such last purchaser's vendee, heir or legal representative, and if he has paid into the State Treasury the full amount of interest due on such claim up to the date of reinstatement, he is clearly entitled to have his claim reinstated, "provided that no rights of third persons may have intervened." Art. 5326; Texas Jurisprudence, Vol. 34, Public Lands, page 190.

Have any rights of third parties intervened since such forfeiture? Your letter mentions none that might possibly be so construed, except the prospecting permit issued to Mr. McKenna and the application of Southwest Minerals, Inc. for a metallic mineral prospecting permit that was filed in the General Land Office on July 3, 1945.

Mr. McKenna's prospecting permit and the application of Southwest Minerals, Inc. were made under authority of House Bill 489, Ch. 301, Acts 48th Legislature, Reg. Session, 1943, p. 453, being what is now known as Article 5421c, Sec. 12, R. C. S. of Texas. This section reads:

"Any person or corporation desiring to prospect a tract of land belonging to the State for gold, silver, platinum, cinnabar, and other metallic ores and precious stones may file an application with the Commissioner of the General Land Office designating the area to be prospected, which must be accompanied by a rental payment of Ten (10) Cents per acre, and such applicant shall have a period of one year from date of filing such application within which to prospect the area designated.

Within the period of said year he may file an
application to lease the area designated for the
purpose of mining gold, silver, platinum, cinna-
bar and other metallic ores and precious stones
and remit Fifty (50) Cents an acre as first annual
payment of rental on the lease and continue to
make such payments from year to year for a period
of five (5) years, unless some of the minerals
mentioned herein shall be discovered sooner in
paying quantities.  On discovery of any such
minerals, the payments of such rental shall cease.
On the 20th day of each month the owner of the
mine or mines shall pay the royalty due the State,
which shall be one-sixteenth (1/16) of the value of
the minerals sold or moved off the premises.  Such
payments shall be remitted to the Commissioner of
the General Land Office and credited to the account
of the Permanent School Fund.  The leases shall be
drawn and the mines operated in accordance with
regulations prescribed by the Governor, Attorney
General, and Commissioner of the General Land Office."

Your letter indicates that the land here involved,
including the minerals, has been dedicated to the public free
school fund and that the surface was sold with a mineral reser-
vation.

Therefore, at all times material to your inquiry,
metallic minerals and precious stones in this land belonged to
the State.  The owner acquired no interest therein under the
Relinquishment Act (See Article 5368) which pertained only to
oil and gas.  We find no statute giving the surface owner any
interest in metallic minerals and precious stones therein.

It follows that the State, its agents, grantees,
or licensees, is owner of such metallic minerals and precious
stones, and has at all times had the legal right to enter on
the surface for the purpose of exploring and developing the
said metallic minerals and precious stones.  Cowan, et al v.
Hardeman, et al, 26 Tex. 217; Empire Gas & Fuel Co., et al v.
State, 121 Tex. 138, 150, 47 S. W. (2) 265; Lemar, et al v.
Garner, 121 Tex. 502, 511; Cox v. Robison, 105 Tex. 426, 150
S. W. 1149.

Consequently, Love and his predecessors owned
such land from the beginning, subject to the right of the State
or its agents, grantees or licensees, to do the things these
mineral prospecting permits authorize.  We see no conflict what-
soever between the rights of Love or his predecessors to the
surface of this land, prior to the forfeiture, and those of
recipients of mineral prospecting permits under Section 12
of Article 5421c.

It is our opinion that no right of a third party has "intervened". Consequently, we believe you should reinstate Mr. Love's claim, provided, of course, he is otherwise eligible therefor.

We now consider whether the metallic mineral and precious stone prospecting permit should be granted to Southwest Minerals, Inc.

In Texas, minerals in place are "land". State v. Hatcher, 281 S. W. 192, 193, 115 Tex. 332; Lone Acre Oil Co. v. Swayne, 78 S. W. 380, 383; Holloways' Unknown Heirs v. Whatley, 104 S. W. (2) 646, Aff. 131 S. W. (2) 89, 133 Tex. 608, 123 A. L. R. 843. These metallic minerals and precious stones are "land" and, as has been shown before, the land involved here has been dedicated to the Public Free School Fund.

It follows that such metallic minerals and precious stones are "land" subject to the provisions of Art. 5421c, Sec. 12. Therefore, if Southwest Minerals, Inc. has made its application for prospecting permit thereon in proper form and in accordance with the plain provisions of the statutes and has filed the necessary fees, etc., it is our opinion that the permit should be granted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

W. T. Curry
Assistant

APPROVED JUL 30 1952 By

WTC:BT

ACTING ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN